IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                                                                                           No. CR 15-3947 RB

MIA COY CAMPBELL,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Mia Coy Campbell's Motion for New Trial pursuant to Rules 52(b) and 33. (Doc. 71.) The Government opposes this motion. (Doc. 78.) Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court **DENIES** the Motion for New Trial.

**I.    BACKGROUND**

On November 5, 2015, Defendant was indicted on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. 13.) A three-day trial commenced on March 22, 2016. (Doc. 53.) At trial, the parties introduced the following relevant evidence.

On September 24, 2015, agents from various law enforcement agencies obtained a warrant to arrest Defendant on charges unrelated to this case. (Doc. 75 at 23, 49.) The agents found Defendant at 209 Fabian Road in Carlsbad, New Mexico, around 9:00 a.m. (*Id.* at 23.) The agents surrounded the home to monitor entrances and exits from the property. (*Id.* at 25–26.) Pecos Valley Drug Task Force agent Jorge Martinez walked along the north side of the home toward the backyard, where he saw Defendant. (*Id.*) Defendant was in the backyard, ten to

fifteen feet away from a canopy with a partially disassembled go-cart beneath the canopy when Agent Martinez saw him. (*Id.* at 27–29.) Agent Martinez placed Defendant under arrest and the agents ascertained that Defendant was the only one at the home or in the backyard when they arrived. (*Id.* at 29, 49.)

The agents found a firearm inside an open tool bag in the backyard, next to the disassembled go-cart under the canopy. (*Id.* at 55–56.) Agents also found an empty can of spray paint in the garbage can next to the canopy. (*Id.* at 86–88.) The go-cart was still covered in wet paint. (*Id.*) There was a powered-on cell phone on one of the go-cart's tires. (*Id.* at 124, 143.) No one claimed the phone before the trial. (*Id.*) A Marlboro cigarette that had been recently extinguished was next to the go-cart. (*Id.* at 54.) Agents discovered a box of Marlboro cigarettes in Defendant's pocket after the arrest. (*Id. at* 30–31.) Defendant asked to smoke one of the cigarettes. (*Id.*) Agents noted that Defendants hands had grease on them, as though he had worked on an engine. (*Id.*) Inside the home, there were personal documents that belonged to the Defendant and an empty holster matching the firearm found in the backyard. (*Id.* at 59–61.)

The Government introduced evidence about Defendant's prior incident with firearm possession. Approximately one month before the trial in this case, officers stopped Defendant in a vehicle in which he was the sole occupant. There was a handgun inside a bag in the backseat. (*See* Doc. 76 at 39–56.) Defendant did not object to the proposed jury instruction regarding actual versus constructive possession at trial. (*Id.* at 80–90.) The jury found Defendant guilty of being a felon in possession of a firearm. (Doc. 77 at 2.)

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Civ. P. 33(a). "A motion for a

2

new trial is not regarded with favor and is only issued with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269–70 (10th Cir. 2007) (citing *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998)). The decision whether to grant a motion for a new trial is committed to the sound discretion of the trial court. *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992). "The Court of Appeals will find plain error only when an error is particularly egregious and the failure to remand for correction would produce a miscarriage of justice." *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th Cir. 2014)

When a defendant does not object to alleged prosecutorial misconduct at trial, review is limited to plain error. *United States v. Anaya*, 727 F.3d 1043, 1053 (10th Cir. 2013) (citing *United States v. Dazey*, 403 F.3d 1147, 1170 (10th Cir. 2005); *United States v. Caballero*, 277 F.3d 1235, 1244 (10th Cir. 2002); *United States v. Gonzalez-Montoya*, 161 F.3d 643, 650 (10th Cir. 1998); *United States v. May*, 52 F.3d 885, 887 (10th Cir. 1995)). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Fleming*, 667 F.3d 1098, 1003 (10th Cir. 2011) (citing *United States v. Taylor*, 514 F.3d 1092, 1100 (10th Cir. 2008)). Fed. R. Crim. P 52(b). "Even when the district court fails to include an element of the crime in the instruction (including a mens rea element), we still apply the harmless error rule, asking whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. Little*, 829 F.3d 1177, 1183 (10th Cir. 2016) (citing *United States v. Sorensen*, 801 F.3d 1217, 1229 (10th Cir. 2015)).

### III. DISCUSSION/ANALYSIS

The Defendant bases his request for a new trial on the possession instruction. Neither party disputes that the jury instruction at issue was erroneous. Defendant argues that the

3

instruction given to the jury regarding constructive possession constitutes harmful error warranting a new trial in light of the Tenth Circuit's holding in *Little*, 829 F.3d 1177. In deciding whether this error warrants a new trial, the Court must decide whether it was harmless. *Little*, 829 F.3d at 1183. Defendant claims that the Tenth Circuit now holds that the constructive possession instruction given in his case was legally erroneous because it failed to require "proof of intent to exercise control over an object." (Doc. 71 at 4.) Defendant explains that the "faulty instruction used in *Little* was the same instruction used to convict" Defendant. (*Id.*) Defendant argues that the fact pattern in his case can be distinguished from facts in *Little*, so the fact that the Tenth Circuit upheld the conviction of the defendant in *Little* due to harmless error is irrelevant. (*Id.* at 4–7.)

In *Little*, the Tenth Circuit held that "constructive possession occurs when a person not in actual possession knowingly has the power and intent at a given time to exercise dominion or control over an object." *Little*, 829 F.3d at 1183. The Tenth Circuit determined that the Tenth Circuit Criminal Pattern Jury Instruction §1.31 (2011) was deficient because it failed to provide instructions regarding the mens rea requirement of the law of constructive possession. *Id*. The Tenth Circuit also held that omitting the mens rea element in *Little* was harmless because trial evidence demonstrated that the defendant intended to exercise control over the firearms at issue. *Id*. at 1183. Similarly, in this case, the evidence is of a substantial enough weight to demonstrate that Defendant intended to exercise control over the firearm in his backyard. The Tenth Circuit recognized that "a reasonable jury would be compelled to conclude that Little intended to exercise control over the weapons" found in his well house because of "substantial evidence demonstrating that Little had exclusive control over the well house." *Id*.

4

The trial record overwhelmingly demonstrates that Defendant constructively, if not actually, possessed the firearm, so the instruction regarding constructive possession does not rise to the level of harmful error. As established above, Defendant was in a small backyard walking away from the canopy when Agent Martinez encountered him. The agents established that no one else was in the backyard or at the home when they arrived. Defendant was only a few feet away from the firearm at that time. The Government also presented evidence that Defendant exercised exclusive control over the activities under the canopy: the smoldering cigarette that matched the cigarettes in Defendant's pocket, the spray paint can and the wet paint on the go-cart, Defendant's greasy hands that indicated that he had been working on an engine, and the unclaimed powered-on cell phone found near the go-cart. The Government also provided evidence that Defendant possessed a firearm a month prior to his arrest, which bears upon Defendant's intent to possess and exercise control over the firearm present on the day of his arrest. The Government showed that Defendant exclusively controlled the house and the backyard on the day of his arrest. A reasonable jury could have been convinced that the evidence showed that Defendant had actual possession, not mere constructive possession. If Defendant had actual possession, then he exercised direct physical control over the firearm. A reasonable jury could conclude that the person who had greasy hands next to the disassembled go-cart was the person who was using the tools in the tool bag in which the firearm was found. The erroneous constructive possession jury instruction did not contribute to the verdict because there was enough evidence to prove actual possession.

Given that Defendant did not object to these instructions at trial, the instructions are reviewed for plain error. *See* Fed. R. Crim. P. 52(b). *See also United States v. Smith*, 13 F.3d 1421 (10th Cir. 1994). Defendant fails to show that the Court's instructions to the jury constitute

plain error despite being erroneous. Defendant has not shown that any error affected his substantial rights or was prejudicial. The Court can only reverse a conviction for plain error when all four prongs of the plain-error test are satisfied. *See United States v. Caraway*, 534 F.3d 1290, 1299 (10th Cir. 2008). Here, the first two prongs are satisfied, but Defendant cannot show that the error affects his substantial rights, and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Fed. R. Crim. P 52(b). The Tenth Circuit has described the plain error standard as difficult to overcome, and "will find plain error only when an error is particularly egregious and the failure to remand for correction would produce a miscarriage of justice. *Rosales-Miranda*, 755 F.3d at 1258 (internal quotations omitted).

The jury found that Defendant knowingly had the power and intent to exercise dominion or control over the firearm in his backyard. In *Little*, the Court found that the instructions to the jury were erroneous, but given that the "overwhelming evidence supports a finding of actual knowledge," they were ultimately harmless. *Little*, 829 F.3d at 1185. In this case, Defendant cannot show harmful error because as in *Little*, the overwhelming evidence supports a finding of actual possession. Defendant has failed to distinguish his case from *Little*. The jury in *Little* was permitted to infer intent to exercise control over the firearm from the fact that the defendant exclusively controlled the area around it. Here, the same can be said of Defendant and the canopy under which the firearm was found. There is also no evidence that a deficiency in the Court's jury instructions affected the "fairness, integrity, or public reputation of judicial proceedings." *Rosales-Miranda*, 755 F.3d at 1258. "An error seriously affects the defendant's substantial rights, as those terms are used in the plain-error test, when the defendant demonstrates "that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Rosales-Miranda*, 755 F.3d at 1258 (internal

quotations omitted). Defendant has failed to show that a reasonable jury would not have concluded that he had actual possession of the firearm. As discussed above, there is ample evidence to show that a jury could conclude that Defendant did have actual, not constructive possession of the firearm. The Tenth Circuit Criminal Pattern Jury Instruction §131 has been in use over numerous trials, and the use of a slightly modified version of that instruction does not affect the fairness, integrity, or public reputation of this Court. Thus, the use of the modified version of the pattern instructions in this case did not constitute plain error. Defendant satisfied the first two prongs of the plain error test, but failed to satisfy the last two.

Defendant asserts that the six hours the jury took to find him guilty is evidence that it was not "abundantly clear beyond a reasonable doubt that he had an intent to exercise control" of a firearm. (Doc. 71 at 6.) The Court need not indulge this speculation as it has no bearing on the outcome of the case.

For all of the forgoing reasons,

**IT IS ORDERED THAT:**

Defendant Mia Campbell's Motion for New Trial (Doc. 71) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**