# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.                                                            No. CR 15-03947 RB
                                                                     No. CV 18-00213 RB/JHR

MIA COY CAMPBELL,

      Defendant/Movant.

## MEMORANDUM OPINION AND ORDER DISMISSING
## MOTION TO VACATE, SET ASIDE, OR DISMISS UNDER 28 U.S.C. § 2255

**THIS MATTER** is before the Court on the Motion to Vacate, Set Aside, or Dismiss Under 28 U.S.C. § 2255 filed March 5, 2018, by Defendant/Movant, Mia Coy Campbell (Doc. 100) ("Motion to Vacate"). The Court will dismiss the Motion to Vacate as premature.

Judgment was entered on Defendant Campbell's conviction and sentence on February 20, 2018. (Doc. 95.) Defendant Campbell appealed from that Judgment on February 26, 2018. (Doc. 96.) Campbell's appeal was docketed in the United States Court of Appeals for the Tenth Circuit as case No. 18-2033 and is presently pending before the Tenth Circuit. (Doc. 98.) Defendant Campbell filed his Motion to Vacate on March 5, 2018, collaterally challenging his conviction and sentence. (Doc. 10.)

Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a petitioner's collateral challenge while review of claims raised on direct appeal is pending. As a general rule, a defendant may not pursue both a direct appeal and a collateral action simultaneously. *See United States v. Prows*, 448 F.3d 1223 (10th Cir. 2006); *United States v. Cook*, 997 F.2d 1312, 1318–19 (10th Cir. 1993) (citing Rule 5,

*Rules Governing § 2255 Proceedings*, advisory committee note). The rule is designed to avoid possible conflicting rulings and to promote judicial economy, since the disposition of the appeal may render the § 2255 motion moot. *See*, *e.g.*, *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Gordon*, 634 F.2d 638, 638–39 (1st Cir. 1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970); *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968).

In this case, Defendant Campbell has only recently commenced his direct appeal. There appears to be considerable overlap between the claims raised in this action and the claims raised on direct appeal, resulting in a waste of judicial resources if both actions were allowed to proceed simultaneously. Moreover, it appears that any issues raised by Campbell in his § 2255 Motion to Vacate, including his claims of ineffective assistance of counsel, will still be available to him to raise in a post-appeal collateral challenge. As a result, the Court finds that extraordinary circumstances warranting collateral review during the pendency of Petitioner's direct appeal do not exist and collateral relief in this Court is premature.

The Court will dismiss the Motion to Vacate without prejudice. The dismissal of this § 2255 motion without prejudice will not count against Movant Campbell should he pursue a collateral challenge under § 2255 after conclusion of his direct appeal. Movant Campbell is notified that his exclusive post-conviction remedy will be a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. If he files further premature motions for collateral review, he may subsequently be subjected to the restrictions on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h).

**IT IS ORDERED** that the Motion to Vacate, Set Aside or Dismiss Under 28 U.S.C. § 2255 filed by Defendant/Movant, Mia Coy Campbell (Doc. 100) is **DISMISSED** without prejudice as premature.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE